

## IN THE
## TENTH COURT OF APPEALS

No. 10-24-00023-CR
No. 10-24-00024-CR
No. 10-24-00025-CR
No. 10-24-00026-CR
No. 10-24-00033-CR

**SCOTT ALAN SEREIKA,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

From the 443rd District Court
Ellis County, Texas
Trial Court Nos. 40305CR, 40944CR, 40945CR, 40946CR, and 40947CR

## MEMORANDUM OPINION

After a contested revocation hearing, the trial court revoked Scott Alan Sereika's

community supervision in each of the underlying cases and sentenced him to 8 years in

prison in each case, to run concurrently. On appeal, Sereika argues that the trial court

abused its discretion in revoking his community supervision in the underlying cases and

that his sentences were grossly disproportionate in violation of the United States and Texas Constitutions.  *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13.  We disagree.

**Revocation of Community Supervision**

In his first issue, Sereika asserts that the trial court abused its discretion by revoking his probation in each case because he provided reasonable excuses for missed appointments and drug tests, and because "Sereika attained the goals a court wants to see from those on probation although not as timely as the court wished."

STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision to revoke community supervision for an abuse of discretion.  *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).  To justify revocation, the State must prove by a preponderance of the evidence that the defendant violated a term or condition of community supervision.  *Id.* at 864-65.  In this context, "'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'"  *Id.* at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony.  *Id.*  Thus, we review the evidence in the light most favorable to the trial court's ruling.  *See id.*

DISCUSSION

Pursuant to a plea agreement, on March 1, 2018, Sereika pled guilty in each of the underlying cases to third-degree-felony prescription fraud and was placed on community supervision in each case for a period of 10 years. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.129. The State filed a motion to revoke Sereika's community supervision in each case on January 25, 2023. All of the revocation motions alleged that Sereika violated the terms of his community supervision by failing to report to the community supervision department as scheduled on seven occasions, failing to report for required drug testing on six occasions, and failing to complete substance abuse evaluation requirements and recommendations.[1] Sereika pled "not true" to these allegations. In

---

[1] The revocation motions alleged that Sereika violated the terms of his community supervision as follows:

(4) (Report to the Community Supervision Department as directed by the Court or the Supervision Officer and obey all rules and regulations of said department;) in that the said defendant failed to report for the months of December 18, 2018, January 22, 2019, July 2, 2019, August 13, 2019, May 4, 2020, September 14, 2020, and May 11, 2022,

(13) (Submit to testing for drugs and alcohol as directed. Submit to any type of test requested by the community supervision department supervising your case not limited to urine, hair, buccal swab, sweat, and/or breath at your own expense;) in that the said defendant failed to report for testing as requested by the supervision officer on November 26, 2018, December 14, 2018, January 2, 2019, January 23, 2019, February 11, 2019,and June 17, 2019, [some of the revocation motions also alleged in this section that Sereika was delinquent in paying for some of his drug tests],

(15) (Submit to a substance abuse evaluation within 60 days and comply with any recommendations made by said evaluation;) in that the said defendant failed to complete IOP and MRT as recommended from Substance Abuse Evaluation,

(A2) (Complete the general Substance Abuse Evaluation requirements of Condition #15 and comply with any and all recommendations therein, including, but not limited to, attending 12 step support group meetings as directed by your counselor and/or

trial court cause number 40944CR, the State included an additional allegation that Sereika failed to make scheduled payments to the probation department and was delinquent in the amount of $4,487.00.[2] Sereika pled "true with…with some extenuating circumstances" to this allegation.

Sufficient proof of a single violation will support a revocation of community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Sereika's probation officer, Celeste Jernigan, testified at the contested revocation hearing. Jernigan testified that Sereika failed to properly report to his community supervision officer and failed to submit to required drug testing on each of the dates listed in the revocation motions. Sereika also testified at the revocation hearing. Sereika did not deny missing scheduled appointments and drug tests; rather, he explained that his missed appointments and drug tests were for health reasons, family reasons, and emergencies. He admitted that he

---

supervision officer, calling random drug/alcohol testing line if instructed, and obtaining a sponsor and working a recovery program.) in that the said defendant failed to complete the general substance abuse evaluation requirements of Condition #15[.]

[2] This additional allegation states:

(10) (Make payments to the Ellis County Community Supervision and Corrections Department as follows: (a) Court Costs $279.00 (b) Restitution $0 (c) Attorney Fee $0 (d) Fine $0 (e) Collection Fee $25.00 (f) Crime Stoppers $0 (g) DA Forgery Fee $0 (h) Family Violence $0 (i) Children Advocacy Center $0 (j) Interpreter Fee $0 (k) Other $0, by making monthly payments in the amount of $100.00 per month beginning in the month next following entry of this order, or next following your release from jail, and continuing until all court-ordered obligations are paid in full. The defendant acknowledges that he or she possesses the financial means and ability to make payments in accordance with this schedule;) in that the said defendant failed to make payments as directed and is currently delinquent in the amount of $4,487.00[.]

"made several mistakes" in missing scheduled appointments, but explained that he would always try to rectify the situation.

Jernigan also explained that after Sereika was released from a detox program in 2018, he was required to complete a 26-week Intensive Outpatient Program ("IOP"). Though Sereika was given multiple opportunities to complete the program over the course of several years, he failed to successfully complete it. In compromise, in June of 2022, the probation department reached an agreement with Sereika that he would receive credit for his IOP program if he completed a 15-week Moral Reconation Therapy ("MRT") program. Sereika enrolled in the MRT program but was unsuccessfully discharged for failure to attend. He did not complete the MRT program until approximately November of 2023, several months after the State filed its revocation motions. Sereika admitted during the contested hearing that his failure to timely complete the class was "[a]bsolutely 100 percent my fault," though he attributed his untimely completion to scheduling conflicts, extenuating circumstances, or financial concerns.

The trial court, as sole judge of the credibility of the witnesses and the weight to be given their testimony, was free to disbelieve Sereika's explanations and excuses for his missed appointments, missed drug tests, and untimely completion of required treatment programs. In reviewing the record, we conclude that the trial court did not abuse its discretion in revoking Sereika's probation in each of the underlying cases.

Accordingly, Sereika's first issue in each of these appeals is overruled.

## Grossly Disproportionate Sentence Complaints

In his second and third issues, Sereika contends that his sentences were "grossly disproportionate to the crime and inappropriate to the offender" in violation of the Eighth Amendment to the United States Constitution and article I, section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13.

A disproportionate-sentence claim must be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that constitutional rights, including the right to be free from cruel and unusual punishment, may be waived); *see also Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.— Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

Sereika did not assert his disproportionate-sentence claims when the trial court orally pronounced his sentences at the revocation hearing. When asked by the trial court if there was any legal reason why sentence should not be imposed, defense counsel only requested some additional time for Sereika to get his affairs in order before serving his sentences. Furthermore, Sereika did not raise a disproportionate-sentence claim in a motion for new trial or otherwise present a post-trial objection to the imposed sentences.

Therefore, we conclude that Sereika did not preserve his disproportionate-sentence complaints for review.

Accordingly, Sereika's second and third issues in each of these appeals is overruled.

## Conclusion

Having overruled all of Sereika's issues in each of these appeals, we affirm the trial court's judgments in each case.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed August 29, 2024
[CR25]

